*In the Matter Of M.M.L.*
A Minor Child

In the Family Court of the Navajo Nation
Judicial District of Crownpoint, Navajo Nation (New Mexico)

No. CP-FC-649-03

June 23, 2003

## ORDER

The child's paternal grandparents seek to confirm their custody of a child who was born on November 17, 1999, and who will be four years old in about five months. While the allegations of the petition hint at some kind of fault or parental shortcomings. the question before this court is whether the petitioners must show, and the court must find, that the parents are guilty of some kind of fault before the petition can be granted. That is a concern at this point because of the prayer in the petition that the court should order an investigation of the petition under 9 NNC § 802 (1995). The issue is the scope of the social services investigation. Must it address parental "fault" or some kind of "abuse" of the child before a guardianship can be granted?

The court is concerned because of the state of both general federal constitutional law and The Fundamental Laws of the *Diné*, which were enacted in November 2002. While the United States Supreme Court has not specifically adopted a rule of substantive due process of law that individuals who are not a child's parent (i.e. relatives, as here) must show parental fault of some kind before a court can interfere with parental decision-making, it looks like the law is headed in that direction. *See Stanley v. Illinois*, 405 U.S. 645 (1972) (fathers of illegitimate children are entitled to notice of a hearing on their "fitness for child custody") and *Troxel v. Granville*, 530 U.S. 557 (2000) (not deciding but hinting at a substantive due process "fault" standard). The Fundamental Laws of the *Diné*, Navajo Nation Council Resolution No. CN-69-02 (November 1, 2002), contains two seeming-conflicting but compatible statements of Navajo customary law: "It is the right and freedom of the people that the sacred bonding in marriage and the unity of each family be protected." *Id.* at § 4(D). "It is the right and freedom of the people that every child and every elder be respected, honored and protected with a healthy physical environment, free from all abuse." *Id.* at § 4(E). The operative terms that apply here are "the unity of each family"and "free from all abuse." That tells the court that it must recognize family unity, in the form of parent-child relationships. but the court may intervene in instances where there is child "abuse."

The problem is that the court does not know what the constitutional standard of "fault" happens to be, and the provision in The Fundamental Laws of the *Diné* on "abuse" is undefined. It appears, however, that something more is required than a simple showing of the "best interests of the child" in guardianship actions involving a petition by non-parent relatives of a child. If the parent or parents here do not object, that takes care of the problem. However, if one or both parents object to the guardianship, then the petitioners must be prepared to address the parent's parenting skills and habits to show some kind of "fault" (as in the Anglo

constitutional law rule) or "abuse" (as in Navajo customary law).

Therefore, the court hereby enters the following orders:

1. The Navajo Nation Division of Social Services shall, in accordance with 9 NNC § 802 (1995), conduct an investigation into the allegations and situation raised in the petition, assess Anglo "fault" and Navajo customary "abuse" in terms of the parenting skills and provision for their child, and make a report to the court on such matters within 45 days from the date of this order. This order will be strictly enforced at the peril of non-complying social services personnel.

2. The petitioners shall negotiate their petition with both natural parents, and in the absence of the agreement of both parents to the proposed guardianship, the petitioners shall be prepared to show parental "fault" or "abuse" to the court during the guardianship hearing.

3. The failure of either or both parents to answer the petition may be taken into consideration in assessing either fault or abuse, but in that situation, the petitioners must be prepared to show such matters in the event of a default.

4. The petitioners may present arguments on what "fault" or "abuse" mean for substantive due process of law and/or Navajo customary law.

5. The clerk of court shall immediately issue the summons in this case for service upon the natural parents of the child, and send copies of the petition and this order to the Navajo Nation Division of Social Services for the Eastern Agency by means of certified mail, return receipt requested (to show notice for purposes of potential future contempt citations).